**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001578
29-MAY-2014
07:51 AM**

NO. CAAP-13-0001578

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES N. YAMURA, III, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P1120006347)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant James N. Yamura III ("Yamura") appeals from the Notice of Entry of Judgment and/or Order, filed May 28, 2013, entered in the District Court of the First Circuit ("District Court").[1] Yamura was convicted of Criminal Property Damage in the Fourth Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-823 (Supp. 2013).[2] On appeal, Yamura asserts that the District Court erred in denying his motion for judgment of acquittal because of insufficient evidence.[3]

_____

[1]     The Honorable Michael A. Marr presided.

[2]     HRS § 708-823 provides:

> (1) A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

> (2) Criminal property damage in the fourth degree is a petty misdemeanor.

HAW. REV. STAT. § 708-823 (Supp. 2013).

[3]     Yamura, in his point on appeal, refers to the District Court's denial of his "renewed motion for judgment of acquittal." The record discloses no evidence of which we are aware of such a renewed motion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Yamura's point of error as follows:

The State introduced substantial evidence that Yamura participated in the commission of Criminal Property Damage in the Fourth Degree by acting as a lookout. Specifically, Sergeant Albert Lee testified that as he was driving on Hawai'i Kai Drive, he noticed Yamura standing on the sidewalk adjacent to a Honolulu Police Department unmanned mobile radar display ("speed trailer"). Sergeant Lee observed that another male was crouched down next to Yamura, writing on the speed trailer. Sergeant Lee noticed that the speed trailer had graffiti on it. As Sergeant Lee approached, he observed that Yamura interacted with the other male, causing the latter to stop writing on the speed trailer and temporarily leave the trailer for the sidewalk. After Sergeant Lee passed the men, he observed in his rearview mirror that Yamura and the other male scanned the area before the other male resumed writing on the trailer.

Yamura's citations to Hawai'i case law regarding accomplice liability are unpersuasive, as the cases are readily distinguishable or, in fact, support the State's case.[4] *See, e.g., State v. Yabusaki*, 58 Haw. 404, 408, 570 P.2d 844, 846–47 (1977) (noting that a defendant's "mere presence" is insufficient to establish accomplice liability, but holding that evidence that defendant had been present at the scene of the crime with the

---

Nevertheless, we discern that Yamura's point of error concerns the District Court's denial of his motion for judgment on acquittal made after the State rested, and "inasmuch as this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible, we address the issues [the parties raise] on the merits." *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001) (quoting *Housing Fin. & Dev. Corp. v. Ferguson*, 91 Hawai'i 81, 85–86, 979 p.2d 1107, 1111–12 (1999)) (internal quotation marks omitted).

[4] Yamura also cites to various federal cases in support of his argument that "mere presence" or "mere association" is insufficient for accomplice liability under HRS § 702-222. However, these cases involve federal statutes with different elements than HRS § 702-222. Moreover, the evidence adduced at trial in this case was sufficient to show that Yamura was not merely present at the crime scene.

conscious object of promoting or facilitating its commission was sufficient to sustain conviction as an accomplice). Furthermore, and contrary to Yamura's argument, neither permanent damage nor the value of the property damage are elements that must be proven in order to convict under HRS § 708-823. *See* HAW. REV. STAT. §§ 708-820 to -823 (Supp. 2013); Commentary to HAW. REV. STAT. § 708-823 (1993) ("The damage must be intentional; however, the property damaged may be of any value").

Here, there was substantial evidence that Yamura, together with another male, committed Criminal Property Damage in the Fourth Degree. *See State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). Viewing the evidence "in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Hicks*, 113 Hawai'i 60, 69, 148 P.3d 493, 502 (2006) (quoting *State v. Maldonado*, 108 Hawai'i 436, 442, 121 P.3d 901, 907 (2005)).

Therefore,

The Notice of Entry of Judgment and/or Order, filed on May 28, 2013 in the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 29, 2014.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3